IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CUSTOM CUPBOARDS, INC., )
 )
        Plaintiff, )
 )
v. ) Case No. 10-1060-JWL
 )
CEMP SRL, )
 )
        Defendant. )
 )
_____)

**MEMORANDUM AND ORDER**

In this subrogation action, removed from state court on the basis of the parties' diversity, plaintiff, a Kansas manufacturer of cabinetry, asserts product liability claims against defendant, an Italian corporation that manufactures electric motors. Plaintiff alleges that it purchased from a third party a machine that incorporated a motor made by defendant; that the motor was defective and unreasonably dangerous, and lacked sufficient warnings and instructions; and that the defect caused a fire, which caused plaintiff to suffer property damage.[1]

This matter is presently before the Court on defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and in the alternative,

---

[1] Although the petition is not clear on this point, plaintiff states in its brief that the fire occurred on November 29, 2007. It appears that plaintiff filed suit in state court on November 29, 2009. Defendant removed the case on March 1, 2010. Plaintiff has not brought claims against the manufacturer of the machine in this action.

to quash the purported service of process on it, pursuant to Fed. R. Civ. P. 12(b)(4) and (5) (Doc. # 4). Because the Court concludes that plaintiff has not established the Court's personal jurisdiction over defendant, the Court **grants** defendant's motion, and this action is therefore dismissed.

   A.   *Governing Standards*

Although a plaintiff bears the burden of establishing personal jurisdiction over a defendant, *see OMI Holdings, Inc. v. Royal Ins. Co.,* 149 F.3d 1086, 1091 (10th Cir. 1998), in the preliminary stages of litigation this burden is "light." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995)). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction "is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *See id.* The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *Id*. Moreover, if the parties present conflicting affidavits, "all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.*

To obtain personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc.*, 205 F.3d at 1247. Because Kansas's long-arm statute permits the exercise of any jurisdiction

2

that is consistent with the United States Constitution, the personal jurisdiction inquiry under Kansas law collapses into the single due process inquiry. *See OMI Holdings, Inc.*, 149 F.3d at 1090.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *accord Intercon, Inc.*, 205 F.3d at 1247 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). This standard may be met in two ways. First, a court may exercise specific jurisdiction if a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Intercon*, 205 F.3d at 1247 (quoting *Burger King Corp.*, 471 U.S. at 472); *accord Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001). Second, a court may exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic." *Intercon*, 205 F.3d at 1247 ("When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state."); *accord Doering*, 259 F.3d at 1210.

Even if a defendant's actions created sufficient minimum contacts, the court must still consider whether the exercise of personal jurisdiction "would offend traditional

3

notions of 'fair play and substantial justice.'" *Intercon*, 205 F.3d at 1247 (quoting *Burger King Corp.*, 471 U.S. at 476). This inquiry requires a determination of whether the "exercise of personal jurisdiction over [the] defendant is reasonable in light of the circumstances surrounding the case." *Id.* (citing *Burger King Corp.*, 471 U.S. at 477-78).

### B. *Analysis*

Plaintiff does not make clear whether it attempts to invoke the Court's general jurisdiction or specific jurisdiction over defendant in this case. Plaintiff's state-court petition does not contain any alleged facts bearing on this issue of personal jurisdiction, other than the fact that defendant manufactured the motor in question. In support of its motion to dismiss, defendant has submitted an affidavit stating that it has no Kansas office, employees, property, agent, advertising, or distribution point for its products; that it has not designed products specifically for the market in Kansas; and that the motor in plaintiff's machine was sold by defendant to its local distributor in Germany. Plaintiff has not submitted an affidavit in response, and it relies only on three facts for its argument in favor of jurisdiction here. None of those facts, however, establish the requisite minimum contacts for defendant with the State of Kansas.

First, plaintiff argues that defendant "actively sought quality certification of its explosion-proof motors used [in] the United States, including Kansas." The only evidence plaintiff submits in support of this argument, however, is a copy of a certificate (apparently available on defendant's website) issued to defendant by IQNet, an

4

"international certification network," stating that defendant has a quality management system that complies with a particular standard. There is no indication that this certification specifically relates to conduct in the United States, let alone the State of Kansas. Thus, the certificate does not provide any evidence that defendant purposefully directed any activities towards Kansas, and therefore it does not support a finding of jurisdiction here.

Second, plaintiff points to defendant's website, which is available to residents of Kansas. This Court discussed the evaluation of websites for purposes of personal jurisdiction in *Capitol Federal Savings Bank v. Eastern Bank Corp.*, 493 F. Supp. 2d 1150, 1159-62 (D. Kan. 2007) (Lungstrum, J.). The Court applied the analysis from *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), the seminal case on this issue, to which the Tenth Circuit has cited. *See Capitol Federal*, 493 F. Supp. 2d at 1159-62 (citing *Zippo Mfg.*, 952 F. Supp. at 1121-26); *see also Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296-97 (10th Cir. 1999) (quoting and applying test from *Zippo Mfg.*). In *Zippo Manufacturing*, the court set forth its "sliding scale" analysis as follows:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by

5

> interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo Mfg.*, 952 F. Supp. at 1124 (citations omitted), *quoted in Capitol Federal*, 493 F. Supp. at 1159-60. In *Capitol Federal*, this Court noted that federal appellate courts have added the requirement that the defendant's website be interactive to a degree that reveals a specific intent to target the forum state and to transact business or otherwise interact specifically with residents of that state. *See Capitol Federal*, 493 F. Supp. at 1160 (quoting cases from the Third, Fourth, and Sixth Circuits).

With respect to defendant's website, plaintiff argues as follows: "[Defendant] transacts business in Kansas through its interactive website where Kansas customers can generate product codes, search products, email [defendant's] management, file online requests for information, sign a guestbook, download manuals and technical specifications, and search for authorized distributors and repair facilities." The Court does not agree that defendant's website is most aptly described as "interactive" for purposes of the *Zippo Manufacturing* standard, however. Rather, the website is essentially "passive", as it "does little more than make information available to those who are interested in it." *See Zippo Mfg.*, 952 F. Supp. at 1160. The website does provide contact information and allow the visitor to do the same, but there is no indication that purchases or orders may be made on the website, that substantial commercial information is exchanged on the website, or that the website is truly

6

interactive in any significant way.  *See Soma Med.*, 196 F.3d at 1297 (passive website did not provide basis for personal jurisdiction).

Moreover, even if the ability to leave a message for defendant could be said to make the website interactive to some degree, there is nothing on the website to suggest that defendant specifically intended commercial interaction with Kansas residents over the website.  *See Capitol Federal*, 493 F. Supp. 2d at 1160-61 (no evidence that interactive portion of website was intended for commercial activity specifically with Kansas residents); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (quoted in *Capitol Federal*) ("the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world;" rather, defendant must have purposefully availed itself of conducting activity in the forum state).  The information on the website indicates that defendant does business primarily in Europe; for instance, at present, the site does not list any authorized repairers outside of Italy.  The site lists distributors located outside of Europe, but only a single distributor, located in Ontario, Canada, is listed for Canada, the United States, and Mexico collectively.  Plaintiff has not provided any evidence that defendant has ever done business with a Kansas resident over its website.

Accordingly, plaintiff has not shown that defendant purposefully directed its commercial activities into Kansas through its website.  The Court thus concludes that the website does not provide a basis for the exercise of personal jurisdiction over defendant in Kansas.

7

As its final basis for jurisdiction over defendant, plaintiff notes that defendant's product ended up in Kansas, where it allegedly caused damage in this state. The Supreme Court has made clear that such fact, by itself, is not enough to support personal jurisdiction:

> The "substantial connection" between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Asahi Metal Indus. Co., Ltd. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 112 (1987) (citations omitted) (emphasis in original). Plaintiff has not controverted the evidence from defendant's affidavit that defendant has no distribution point in Kansas for the sale of its motors, that it does not deliver products to any agents in Kansas, that it has not designed products for the market in Kansas, that it does not advertise in Kansas, and that it has not established channels for providing regular advice to any customers in Kansas. Plaintiff has not even shown that defendant has ever had a Kansas customer. Plaintiff has not cited any additional conduct by defendant to meet this standard, other than the maintenance of a passive website that is not specifically directed

8

to Kansas residents. Accordingly, plaintiff has provided no evidence to suggest any conduct by defendant purposefully directed toward Kansas, and plaintiff has failed to establish this Court's personal jurisdiction over defendant pursuant to the Supreme Court's minimum-contacts standard for compliance with due process.

*C.     Plaintiff's Request for Jurisdictional Discovery*

As an alternative to dismissal, plaintiff requests leave to conduct discovery relating to the issue of personal jurisdiction over defendant. Plaintiff describes the nature of the requested discovery as follows: "Here, discovery would include such things as the number of similar motors made by [defendant], the number of those motors which entered Kansas, whether [defendant] customized the subject motor for use in Plaintiff's machine, the nature and quality of [defendant's] commercial activity over the Internet and the veracity of the factual statements embodied in [defendant's] supporting affidavit." This Court has applied the following standard in considering such requests:

> "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quotation omitted). The court, however, is vested with broad discretion in determining whether discovery should be allowed. *Bell Helicopter Textron* [*Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004)]. That discretion is abused when the denial results in prejudice to the plaintiff. *Sivoza*, 282 F.3d at 1326. Prejudice exists "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Id.*

*First Magnus Fin. Corp. v. Star Equity Funding, L.L.C.*, 2007 WL 635312, at *10 (D. Kan. Feb. 27, 2007) (Lungstrum, J.); *accord 7240 Shawnee Mission Holding, LLC v.*

9

*Memon*, 2008 WL 4001159, at *2 (D. Kan. Aug. 26, 2008) (Lungstrum, J.).

Applying this standard in *First Magnus*, this Court denied the plaintiff's request for leave to conduct jurisdictional discovery, based on the following reasoning:

> In this case, discovery is unwarranted because the pertinent facts bearing on the jurisdictional inquiry appear to be relatively undisputed, at least at this procedural juncture. The sum total of [the plaintiff's] request for discovery is a one-sentence argument that "[the plaintiff] requests discovery into the jurisdictional issues and an opportunity to test and investigate the assertions contained in the [defendants'] Affidavits." Significantly, however, [the plaintiff] has not stated that it has any reason to believe that the statements in the [defendants'] affidavits are untrue. [The plaintiff] also has not stated any facts that it believes jurisdictional discovery would likely reveal. As such, it appears that [the plaintiff] does not have any reasonable basis, formed after an inquiry reasonable under the circumstances, to believe that any additional facts exist which would change the outcome of the court's ruling that personal jurisdiction over the [defendants] is lacking.

*First Magnus*, 2007 WL 635312, at *10. Conversely, in *7240 Shawnee Mission Holding*, this Court exercised its broad discretion to permit jurisdictional discovery, based on the plaintiffs' submission of evidence supporting their position on jurisdiction, including evidence that controverted the jurisdictional facts submitted by the defendant. *See 7240 Shawnee Mission Holding*, 2008 WL 4001159, at *4.

Plaintiff's request in this case is more akin to the request denied by the Court in *First Magnus*. Plaintiff has not submitted any evidence that controverts the facts set forth in defendant's affidavit. In fact, other than the international quality certification and printouts of two pages from defendant's website, plaintiff has not submitted any evidence at all in support of personal jurisdiction here. Nor has plaintiff "stated that it

10

has any reason to believe that the statements in [defendant's] affidavit[] are untrue." Although plaintiff has identified a few areas of possible discovery, it "has not stated any facts that it believes jurisdictional discovery would likely reveal." Accordingly, as in *First Magnus*, "it appears that [plaintiff] does not have any reasonable basis, formed after an inquiry reasonable under the circumstances, to believe that any additional facts exist which would change the outcome of the court's ruling that personal jurisdiction over [defendant] is lacking."

In this case, plaintiff has had over two years in which to uncover facts relating to defendant's contacts with Kansas, including its involvement with plaintiff's machine and any other commercial activity with Kansas residents. In the absence of any material and relevant evidence from plaintiff to support its assertion of jurisdiction, the Court is not prepared to authorize what would amount to a fishing expedition—and a costly one, at that—in an effort to allow plaintiff to hale the Italian defendant into court in Kansas. For these reasons, the Court, in its discretion, denies plaintiff's request for jurisdictional discovery.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss for lack of personal jurisdiction (Doc. # 4) is **granted**, and this action is hereby dismissed.

---

[2]In light of its ruling on defendant's motion to dismiss, the Court need not address whether defendant was properly served with process.

IT IS SO ORDERED.

Dated this 7th day of May, 2010, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge